UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARNELL FIELDS (#B-09968), | ) |
| Plaintiff, | ) Case No. 13 C 8255 |
| v. | ) Judge James B. Zagel |
| MARCUS HARDY, et al. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Darnell Fields (hereinafter, "Fields" or "Plaintiff"), presently in state custody at Sheridan Correctional Center, has filed suit pursuant to 42 U.S.C. § 1983. Fields alleges unconstitutional conditions of confinement since he was incarcerated at Sheridan Correctional Center. Presently pending before the Court is Defendants' motion for summary judgment [35]. Fields also filed a motion for attorney representation [45]. Defendants argue that Fields has: (1) failed to exhaust his administrative remedies prior to filing suit as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e (a); (2) failed to establish unconstitutional conditions of confinement.[1] For the reasons stated herein, Defendants' motion for summary judgment is granted. Fields' motion for attorney representation is denied.

## STANDARD OF REVIEW AND LOCAL RULE 56.1 STATEMENT

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M*

---

[1] Pursuant to a recent Seventh Circuit Court of Appeals opinion, the Court rules exclusively on Defendants' argument that Plaintiff failed to exhaust his administrative remedies prior to filing suit pursuant to the Prisoner Litigation Reform Act of 1996. *See Wagoner v. Lemmon*, No. 13-3839, 2015 U.S. App. LEXIS 1783, 2015 WL 449967, *4 (7th Cir. Feb. 4, 2015).

*Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014).

Where the moving party demonstrates the absence of a disputed issue of material fact, however, the non-moving party bears the burden of presenting "evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). A genuine issue of material fact exists only if there is evidence "to permit a jury to return a verdict for" the nonmoving party. *Egonmwan v. Cook County Sheriff's Dep't*, 602 F.3d 845, 849 (7th Cir. 2010).

Defendants filed statement of uncontested material facts pursuant to Local Rule 56.1 (N.D. Ill.) [37]. Together with their motion for summary judgment, Defendants included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" [38], as required by Local Rule 56.2. That notice clearly explained the requirements of the Local Rules and warned Fields that a party's failure to controvert the facts as set forth in the moving party's statement results in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may rigorously enforce compliance with Local Rule 56.1. *See, e.g., Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings") (citing *Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *see also Koszola v. Bd. of Educ. of the City of Chicago*, 385 F.3d 1104, 1108 (7th Cir. 2004). "We have ... repeatedly held that a district court is entitled to expect strict compliance with Rule 56.1." *Cichon v. Exelon Generation Co.*, 401 F.3d 803, 809 (7th Cir. 2005).

Despite the admonitions stated above, Fields failed to adequately respond to Defendants' L.R. 56.1 statement of facts [42].[2] Of the statements of fact relating to exhaustion in Defendants' L.R. 56.1 statement, Fields responded only to statements 45 and 48. In neither of his responses did Fields' disagreement cite to a portion of the record in a meaningful way, resulting in a question of material fact. A motion for summary judgment "requires the responding party to

---

[2] For purposes of this motion, the Court considers only those facts identifying the parties and claim and those relating to the question of whether Plaintiff exhausted his administrative remedies prior to filing suit as required by 42 U.S.C. §1997e(a). The relevant statements of fact from Defendants' L.R. 56.1 statement are 1-4 and 41-51.

3

come forward with the evidence that it has--it is the 'put up or shut up' moment in a lawsuit." *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2009) (citations omitted). As Fields has failed to do so, Defendants proposed undisputed facts are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B).

Because Fields is proceeding *pro se*, the Court will consider the factual assertions he makes in his response to Defendants' motion, but only to the extent that they are adequately supported by reference to the record as required, or to the extent that Fields could properly testify about the matters at trial – that is, only with respect to those facts within his personal knowledge. See FED. R. EVID. 602.

## FACTS

The following facts are taken from Defendants' Rule 56.1 statement, from the record attached to Defendants' Rule 56.1 statement, and from Fields' responses to Defendants' motion for summary judgment to the extent that the facts are within his personal knowledge.

Fields is currently in the custody of the Illinois Department of Corrections has been incarcerated at Sheridan Correctional Center ("Sheridan") from September 11, 2013, until the present. DSOF ¶1. Marcus Hardy was the Warden of Sheridan from January 1, 2013, until May 15, 2014. DSOF ¶3. Michael Magana was the Assistant Warden of Operations at Sheridan from January of 2013, until January of 2014. DSOF ¶4.

Fields filed his Complaint in this action on November 15, 2013. DSOF ¶6. Fields' Complaint concerns only the conditions in Housing Unit C-7 at Sheridan. *Id.* Fields alleges that he was assigned to cell lower 34 of housing unit C-7 and once he arrived there, he noticed mold around that cell, peeling paint, ants, spiders and rust. DSOF ¶7. Fields also alleges that the

mattress in his cell at Sheridan was torn and had "urine all over it." *Id.* Fields pleads in his Complaint that he "was aware of asbestos condition." *Id.*

Fields' Complaint states that he "complain [sic] to every officer on every shift and was told that there was nothing they could do I need to talk to the Warden which is Marcus Hardy." DSOF ¶8. Fields pleads that he wrote a grievance related to his issues with the conditions in unit C-7 at Sheridan. DSOF ¶9.

There is a grievance process at Sheridan. DSOF ¶41. The grievance process is set forth in Department Rule 504, 20 Ill. Admin. Code, Ch. 1, Subch. E, §504.805. *Id.* Plaintiff is aware that the procedure is set forth in Department Rule 504 and he had a copy of this rule. DSOF ¶42.

Plaintiff wrote a grievance dated September 28, 2013, regarding the conditions in housing unit C-7, lower 34 and placed the grievance in the grievance box inside his housing unit. DSOF ¶43. Plaintiff received a response from his counselor dated October 2, 2013, on the grievance form, which stated, "The Chief Engineer has been advised of your concerns and the conditions you reported." DSOF ¶44.

After receiving the counselor's response, Plaintiff sent the grievance dated September 28, 2013 to the Administrative Review Board ("ARB"). DSOF ¶45. A stamp on the September 28, 2013 grievance indicates that it was received by the ARB on November 15, 2013. DSOF ¶46. Plaintiff received a response from the Administrative Review Board shortly after December 13, 2013. DSOF ¶47. The response indicated that Plaintiff needed to provide the ARB with the Grievance Officer's and the Chief Administrative Officer's responses to the grievance in order to appeal it. *Id.*

Plaintiff then sent the September 28, 2013 grievance, along with another grievance dated January 9, 2014, to the grievance office at Sheridan. DSOF ¶48. Plaintiff's January 9, 2014

5

grievance complained that his September 28, 2013, grievance had not reached the grievance officer at Sheridan. *Id.* The counselor's response to Plaintiff's January 9, 2014 grievance stated: "Grievant did not follow correct procedure. He sent grievance to ARB without grievance officer report and Chief Administrative Officer's signature. All this was explained to grievant. Grievance is now outside of 504 time limits...." *Id.*

Plaintiff received a grievance officer's report related to the September 28, 2013, grievance sometime after January 24, 2014. DSOF ¶49. The report indicated that Plaintiff's September 28, 2013 grievance was received in the Sheridan grievance office on January 8, 2014 and the report is dated January 22, 2014. *Id.* Plaintiff mailed the January 22, 2014 grievance office response to the ARB but at the time of his deposition in April of 2014, he had not received a response from the ARB. DSOF ¶50. Apart from the September 28, 2013 grievance, Plaintiff did not file any other grievances related to the issues in his Complaint. DSOF ¶51.

## ANALYSIS

Defendants argue that they are entitled to summary judgment because Plaintiff failed to fully exhaust his administrative remedies. The Prisoner Litigation Reform Act requires the exhaustion of "administrative remedies as are available." 42 U.S.C. § 1997e(a). An inmate must use "'all steps that the agency holds out,' and he must "do[] so properly (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). "The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Pavey v. Conley*, 663 F.3d 899, 905–06 (7th Cir. 2011).

An inmate must comply with the rules established by the State with respect to the form and timeliness of grievances. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v.*

6

*McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Woodford*, 548 U.S. at 90 (2006). Importantly, failure to exhaust administrative remedies is an affirmative defense; correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole*, 438 F.3d at 809; *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

In the present case, the record reflects that the grievance process was available to Fields. He testified in his deposition that he was aware of the process, that it is set forth in IDOC Department Rule 504.20, 20 Ill. Admin. Code, Ch. 1, Subch. E, §504.805, and that he was provided a copy of the rule. Fields prepared a grievance regarding the alleged unconstitutional conditions of confinement on September 28, 2013, and placed it in the grievance box in his housing unit.

The Counselor provided Fields with a response to his grievance on October 2, 2013, stating: "The Chief Engineer has been advised of your concerns and the conditions you reported." When Fields received the Counselor's response, instead of submitting it to the grievance officer as required under the grievance policy, he sent it directly to the ARB in Springfield. The grievance was received by the ARB on November 15, 2013. The ARB sent Fields a response that he received shortly after December 13, 2013, and the response instructed Fields that his grievance required a grievance officer's and Warden's response before the ARB could consider it. Plaintiff filed suit on November 15, 2013.

Fields then sent the September 28, 2013, grievance and another grievance dated January 9, 2014, to the grievance officer at Sheridan. The second grievance complained that the September 28, 2013, grievance had not reached the Sheridan grievance office. Fields received a response to the second grievance on January 22, 2014. Fields forwarded the response to the ARB and as of the date of his deposition in this case, in April of 2014, he had not received final word on the grievance. Aside from the September 28, 2013, grievance, Fields filed no other grievances regarding alleged unconstitutional conditions of confinement at Sheridan.

The Court finds that Fields failed to follow the IDOC Grievance procedure when he submitted the grievance to the ARB without a grievance officer's response and that he then filed suit on November 15, 2013 (approximately 48 days after submitting the September 28, 2013, grievance), before the issue was resolved using the grievance process. As such, he failed to exhaust administrative remedies prior to filing suit as required under the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Court notes in finding that Fields failed to exhaust his administrative remedies prior to filing suit that he responded to only two of Defendants' L.R. 56.1 statements of fact relevant to the exhaustion issue. The two responses do not create any material questions of fact as to whether he exhausted. In response to DSOF ¶45, Fields "disagrees with" his own deposition testimony in which he stated that on receipt of the September 28, 2013, grievance he forwarded it to the ARB. To the extent that Fields' response could be construed as an affidavit or some kind of sworn statement, it is well settled that a party cannot create an issue of fact to avoid summary judgment by contradicting his deposition testimony with an affidavit. *Lorillard Tobacco Co., Inc. v. A & E Oil, Inc.*, 503 F.3d 588, 592 (7th Cir. 2007); *Ineichen v. Ameritech*, 410 F.3d 956, 963 (7th Cir. 2005).

With respect to Fields' attempt to contradict DSOF ¶48, he likewise failed to create a question of fact. He states that he "thought the process was finish when Counselor Reynolds sent it back a second time." The courts have been clear that a plaintiff's beliefs about the availability of the grievance process do not excuse exhaustion. *Twitty v. McCoskey*, 226 Fed. Appx. 594, 596 (7th Cir. 2007); *citing Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000) (As the Eighth Circuit has observed, 42 U.S.C. § 1997e (a) "says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be available to him. The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them."); *see also Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001).

Based on the foregoing, no genuine issue of material fact exists as to whether Fields failed to exhaust his administrative remedies prior to filing suit. Accordingly, Defendants' motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [35] is granted. Fields' complaint is dismissed without prejudice to filing a new suit, pursuant to 42 USC §1997e(2). The case is terminated. Plaintiff's motion for attorney representation [48] is denied as unnecessary. The motion was decided on the issue of exhaustion and not on the subject of the claims. Accordingly, no attorney representation was required as Plaintiff was adequately able to prosecute his claims. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

Dated: 4/1/2015

James B. Zagel
United States District Court Judge

9